UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CALVIN WALKER | : |
| | : |
| v. | :   C.A. No. 15-087L |
| | : |
| GOVERNOR GINA RAIMONDO | : |
| | : |

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is Defendant's Motion to Dismiss. (Document No. 9). Plaintiff opposes the Motion. (Document Nos. 17 and 30). Plaintiff's Civil Cover Sheet indicates that his case states a 42 U.S.C. §1983 claim for "denial of access to courts by state prison officials." He seeks both injunctive relief as well as $100 million dollars in damages. (Document No. 1-2 at p. 2). In her Motion to Dismiss, Governor Raimondo asserts that Plaintiff has not stated a claim against her for a variety of reasons: the statute of limitations, failure to comply with Federal Rule of Civil Procedure 8(a) and failure to allege an entitlement to injunctive relief. Even taking all of the facts alleged as true, this Court finds that there is no cognizable claim set forth by Plaintiff. Thus, I recommend that Defendant's Motion be GRANTED.

**Background**

Plaintiff is an inmate at the A.C.I. and is serving a lengthy prison sentence arising out of his 1987 conviction for a home invasion and sexual assault. See State v. Walker, 667 A.2d 1242 (R.I. 1995). Plaintiff commenced this pro se action on March 6, 2015 in the form of a Motion for a Temporary Restraining Order and a Preliminary Injunction. (Document No. 1). He alleges that he is African-American and that the Rhode Island Department of Corrections has "effectively implemented

an institution-wide policy regime specifically designed to DENY African-American (and Latino) inmates ACCESS TO THE PRISON'S <u>INMATE LAW LIBRARY</u> (and, thereby, ACCESS TO THE COURTS), a policy regime that adversely impacts the state's entire African-American (and Latino) population (and, thus, surely the state's economy)." <u>Id.</u> at pp. 3-4. Plaintiff invokes 42 U.S.C. § 1983 and alleges violations of the First, Eighth and Fourteenth Amendments to the United States Constitution. <u>Id.</u> at pp. 69-71; and Document No. 1-2. Plaintiff alleges in this case that "(in or about November 2009) [he] filed a civil action in the Rhode Island Supreme Court in order to, among other things, publicize the existence of the said racially discriminatory policy regime, and thereby, start the process of dismantling this racially-motivated policy regime altogether." (Document No. 1 at p. 4 and Ex. B). Plaintiff actually filed that Petition for Writ of Mandamus with the Rhode Island Supreme Court on October 19, 2009. <u>See</u> <u>Walker v. Carcieri</u>, No. 09-308–M.P. (R.I. Supreme Court). The Petition sought to "[i]mmediately (and permanently) halt and dismantle the <u>RACIAL PROFILING</u> program that is in current operation at the state prison complex..., a COVERT ACTION PROGRAM that is specifically designed to, among other things, actively IMPEDE BLACK AND LATINO PRISON INMATES FROM GAINING ACCESS TO THE COURTS." (Document No. 9-2 at p. 5). His Petition was denied by the Rhode Island Supreme Court by Order entered on December 17, 2009. <u>Id.</u> at p. 3.

   Plaintiff pursued a similar action in Rhode Island Superior Court in 2010 in the form of a Motion for a Temporary Restraining Order and a Preliminary Injunction. <u>See</u> <u>Walker v. Wall</u>, NC-2010-0696 (R.I. Superior Court). In such Motion, Plaintiff sought an Order enjoining and restraining the Rhode Island Department of Corrections "from IMPEDING the defendant's ACCESS TO THE COURTS ON ACCOUNT OF RACE (an impediment that is, clearly, a violation of the defendant's

right to the EQUAL PROTECTION OF THE LAWS)." (Document No. 9-1 at p. 10). The State's Motion to Dismiss that claim was granted by the Superior Court on February 3, 2011. Id. at p. 2.

**Discussion**

The State argues that Plaintiff's claims in this action are barred by the applicable statute of limitations and should be dismissed. The State posits that Plaintiff has repeatedly, and unsuccessfully, pursued these same claims in state court dating back to 2006.[1] The Court takes judicial notice pursuant to Rule 201, Fed. R. Evid., of Exhibits A through E, filed with the Governor's Motion to Dismiss, which includes docket sheets and filings from Plaintiff's state court cases. A review of those Exhibits confirms that Plaintiff is seeking another bite of the apple in the present case. Plaintiff's Motion is a narrative simply repeating facts and claims that occurred several years ago, and for which he has previously filed claims in the Rhode Island Courts. In particular, the State accurately points out that Plaintiff's 2010 Superior Court filing contains the exact same equal protection allegations as are made in this 2015 filing. (Document No. 9 at pp. 8-9).

The statute of limitations for actions brought under 42 U.S.C. § 1983 is drawn from the applicable state law of personal injury. See Ayala-Sepulveda v. Municipality of San German, 671 F.3d 24, 29 n.3 (1st Cir. 2012). In Rhode Island, the personal injury statute of limitation period is three years. R.I. Gen. Laws § 9-1-14; Esposito v. Town of N. Providence, C.A. 04-302S, 2006 WL 2711736, at *5 (D.R.I. Sept. 21, 2006); Pascoag Reservoir & Dam, LLC v. Rhode Island, 217 F. Supp. 2d 206, 226 (D.R.I. 2002). Because Plaintiff's Complaint was filed on March 6, 2015, any claim that arose prior to March 6, 2012 is barred by the statute of limitations.

---

[1] The State alternatively argues that Plaintiff's claims are barred by res judicata since they have been repeatedly dismissed by the state courts. Although this argument has facial merit, the record is not sufficiently developed as to the reasons for dismissal, i.e., procedural or substantive, to determine if claim preclusion is warranted. Thus, I do not recommend dismissal based on the State's res judicata argument.

Here, it is clear from Plaintiff's prior state court filings dating back to 2006 and through 2010 that he has been aware of these allegedly unconstitutional practices for quite some time. Accordingly, Plaintiff's claims under Section 1983 accrued prior to 2012 and thus his 2015 claims in this case are barred because they were untimely filed.

Second, the Governor contends that Plaintiff's filing runs afoul of Rule 8(a), Fed. R. Civ. P. Under Rule 8(a), a complaint must contain three essential elements: (1) a short and plain statement of the legal basis for federal court jurisdiction; (2) a short and plain statement of the plaintiff's claim(s) showing that he properly states a claim for legal relief; and (3) a demand for judgment, i.e., the damages or other relief sought by the plaintiff. To comply with Rule 8, a complaint must "give the defendant fair notice of what the...claim is and the grounds upon which it rests." " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

"The statement should be short because unnecessary length places an unjustified burden on the court and on the party who must respond to it....The statement should be plain because the principle function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted to enable him to answer and prepare for trial." Laurence v. Wall, C.A. No. 07-066ML, 2007 WL 1875795 at *2 (D.R.I. June 27, 2007) (citations omitted). "Although 'the requirements of Rule 8(a)(2) are minimal...[,] minimal requirements are not tantamount to nonexistent requirements." Uzamere v. United States, C.A. No. 13-505S, 2013 WL 5781216 *15 (D.R.I. Oct. 25, 2013) (quoting Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004)). Here, considering the length of Plaintiff's filing, as well as the constant repetitions and the overall confusing nature of the document, it clearly fails to comply with Rule 8(a). As drafted, the Motion does not clearly inform the Defendant or the Court as to the relevant facts and claims, nor does it permit the

Defendant to answer the Complaint and prepare for trial. "In short, as Judge Easterbrook summarized, 'Rule 8(a) requires parties to make their pleadings straight forward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.'" Parker v. Learn the Skills Corp., No. 03-6936, 2004 WL 2384993 (E.D. Pa. Oct. 25, 2004) (quoting United States, ex. rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003)).

Finally, the Governor argues that Plaintiff's Motion for Temporary Restraining Order does not satisfy the criteria for injunctive relief. (Document No. 9 at p. 13). In order to obtain a preliminary injunction, the moving party bears the burden of showing that: (1) he will suffer irreparable injury if the injunction is not granted; (2) such injury outweighs any harm which granting injunctive relief would inflict on the nonmovant; (3) he has a likelihood of success on the merits; and (4) the public interest will not be adversely affected by the granting of the injunction. See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991); and Hasbro, Inc. v. MGA Entm't Inc., 497 F. Supp. 2d 337, 340 (D.R.I. 2007). "The purpose of a preliminary injunction is to preserve the status quo, freezing an existing situation so as to permit the trial court, upon full adjudication of the case's merits, more effectively to remedy discerned wrongs." CMM Cable Rep., Inc. v. Ocean Coast Prop., Inc., 48 F.3d 618, 620 (1st Cir. 1995). Plaintiff here is not seeking to maintain the status quo but wants this Court to affirmatively order the ACI to provide him with additional access to computers, telephones, administrative reports and other such relief. Such affirmative relief cannot be awarded through preliminary injunctive relief. In addition, since Plaintiff's claims are plainly time-barred, he cannot show a likelihood of success on the merits. Accordingly, Plaintiff has not met his burden in seeking injunctive relief, and his Motion should be denied for this additional reason.

Further, the Court notes that Plaintiff sued the Governor in her official capacity. In addition to the grounds argued by the Governor, the Court also notes that such an action is not cognizable under

Will v. Michigan, 491 U.S. 58, 64 (1989) ("a State is not a person within the meaning of § 1983."). An "official" capacity claim is not cognizable because, "[a] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Id. at p. 71. Such a claim cannot prevail because, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Id. Accordingly, Plaintiff's claim fails for the additional reason that an official capacity claim is not cognizable under § 1983.

**Conclusion**

For the foregoing reasons, I recommend that Defendant's Motion to Dismiss this civil action with prejudice (Document No. 9) is GRANTED and that the District Court enter Final Judgment in favor of Defendant on all claims in Plaintiff's Motion. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart. Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 11, 2015